IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHABRIELLE-DARNISHA SHANTE HESTER,  §<br>§<br>PLAINTIFF,  §<br>§<br>V.  §<br>§<br>STATE OF KENTUCKY/  §<br>COMMONWEALTH OF KENTUCKY  §<br>MARHSALL CIRCUIT & DISTRICT  §<br>COURT, ET AL.,  §<br>DEFENDANTS.  § | CIVIL CASE NO. 3:25-CV-2831-O-BK |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition when appropriate. Upon review of the relevant pleadings and applicable law, the complaint should be **DISMISSED WITHOUT PREJUDICE** because venue is improperly laid in this Court.

On October 17, 2025, Plaintiff Chabrielle-Darnisha Shante Hester, a resident of Dallas, Texas, filed a pleading titled *Non-Statutory Petition in Equity for a Mandatory Injunction and Other Equitable Relief* (complaint) against the State of Kentucky/Commonwealth of Kentucky Marhsall Circuit & District Court in Benton, Kentucky, and the Texas Department of Public Safety in Austin, Texas. Doc. 3 at 1-2. Plaintiff declines to pay the filing fee or provide a motion to proceed *in forma pauperis*. Doc. 3 at 7. [1]

---

[1] Because this action should be summarily dismissed, the Court need not address the deficiencies in Plaintiff's pleadings.

The complaint is difficult to decipher and largely illogical. As best the Court can glean, Plaintiff alleges that Defendants failed to recognize her change of name and status, which resulted "in misidentification, improper classification, and denial of full faith and credit." Doc. 3 at 7. She asserts that the courts in Marshall County, Kentucky, were provided "notice of a non-UCC judicial lien" but acted in bad faith and pursued "criminal, civil, & probated proceedings under a misclassified and fictitious identity contrary to equity and good conscience." Doc. 3 at 6-7. Plaintiff also asserts that the Texas Department of Public Safety has placed "an out of state denial" on her commercial driver license. Doc. 3 at 6-7. She alleges violations of Section 3 of the Fourteenth Amendment (sometimes referred to as the Insurrection Clause or Disqualification Clause) and seeks to enjoin Defendants "from causing any further injury by acting in concert." Doc. 3 at 8.

Venue in a civil case is governed by 28 U.S.C. § 1391(b), which aims to place lawsuits in the judicial district most connected to the parties or the events giving rise to the action.

Section 1391(b) provides that a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Plaintiff sues Kentucky state courts located in Benton, Kentucky (Marshall County), within the geographical boundaries of the United States District Court for the Western District of

Kentucky. 28 U.S.C. § 97(b). Plaintiff also sues the Texas Department of Public Safety in Austin, Texas (Travis County), within the geographical boundaries of the United States District Court for the Western District of Texas. 28 U.S.C. § 124(d)(1). Liberally construing Plaintiff's list of grievances, the events giving rise to her claims (to the extent that any are alleged) also likely occurred in Marshall County, Kentucky, and Travis County, Texas. Importantly, Plaintiff does not assert that any acts or omissions occurred within the geographical boundaries of the Northern District of Texas. Thus, venue is not proper in this Court.

When venue is not proper, a district court has the authority to dismiss the case or transfer it in the interest of justice to any district or division in which the action could have been brought. 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). *See Caldwell v. Palmetto State Savings Bank of South Carolina*, 811 F.2d 916, 919 (5th Cir. 1987) (concluding the district court has broad discretion in determining whether to dismiss or transfer a case in the interest of justice).

The Court concludes that the interests of justice do not support the transfer of this case to the appropriate district, considering the relative infancy of the case and the failure of the complaint to comply with the pleading requirements of Federal Rule of Civil Procedure 8(a). Thus, the Court should instead exercise its broad discretion to dismiss the complaint without prejudice to it being filed in the proper district.

Accordingly, Plaintiff's complaint should be **DISMISSED WITHOUT PREJUDICE** as venue is improperly laid in this Court.  *See* 28 U.S.C. § 1406(a).

**SO RECOMMENDED** on October 27, 2025.

*[signature]*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).